IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES H. WOLF, | No. CIV S-05-1793-CMK |
| Plaintiff, | |
| vs. | MEMORANDUM OPINION AND ORDER |
| JO ANNE B. BARNHART, Commissioner of Social Security, | |
| Defendant. | |

Plaintiff, who is proceeding with retained counsel, brings this action for judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). Pursuant to the consent of the parties, this case is before the undersigned for final decision on plaintiff's motion for summary judgment (Doc. 21) and defendant's cross-motion for summary judgment (Doc. 23).

/ / /

/ / /

/ / /

/ / /

1

# I. BACKGROUND

Plaintiff applied for disability insurance benefits on March 29, 2004, based on disability. In his application, plaintiff claims that his impairment began on July 15, 2003. Plaintiff claims his disability consists of a combination of: "(1) neuropathy in legs & feet, arms & hands; (2) occasional severe chest pain/high pulse rate; and (3) Hepatitis & possibly other liver disease." Plaintiff states that, as a result of these conditions, he "cannot sit or stand very long; cannot focus or think clearly for any length of time." Plaintiff also complains that he has no stamina and that he tires out easily, sweats, and breathes hard after performing minor tasks. Plaintiff is a United States citizen born April 4, 1958, with a high school education and some college courses.

Plaintiff's claim was initially denied. Following denial of his request for reconsideration, plaintiff requested an administrative hearing, which was held on May 10, 2005, before Administrative Law Judge ("ALJ") Antonio Acevedo-Torres.

In his July 14, 2005, decision, the ALJ made the following findings:

1. The claimant meets the nondisability requirements for a period of disability and Disability Insurance Benefits set forth in . . . the Social Security Act and is insured for benefits through December 31, 2005;

2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability;

3. The claimant's cirrhosis or fatty infiltration of the liver; peripheral neuropathy; Hepatitis C; and diabetes mellitus are considered severe based on the requirements in the Regulations . . .;

4. These medically determinable impairments do not meet or medically equal one of the listed impairments in the [Listing of Impairments];

5. The undersigned finds the claimant's allegations regarding his limitations are not totally credible for the reasons set forth in the body of the decision; the undersigned has carefully considered all medical opinions of record recording the severity of claimant's symptoms;

6. The evidence supports a finding that the claimant retains the residual functional capacity to perform a full range of medium work; in an 8-hour workday, he could stand and/or walk for 6 hours and sit for 6 hours; he could lift and/or carry and push/pull 50 pounds occasionally and 25 pounds frequently;

|     |                                                                                                                                                                                                                                                                                                                                                                                        |
| --- | -------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------- |
| 7.  | The claimant's past relevant work as a handyman/carpenter work and as a flight simulator technician did not require the performance of work-related activities precluded by his residual functional capacity; alternatively, considering the claimant's vocational factors and residual functional capacity, a significant number of sedentary, light, and medium jobs exist in the national economy that he could perform; |
| 8.  | The claimant is a younger individual between the ages of 45 and 49;                                                                                                                                                                                                                                                                                                                    |
| 9.  | The claimant has more than a high school education;                                                                                                                                                                                                                                                                                                                                    |
| 10. | The issue of transferability of skills is not material to making this decision;                                                                                                                                                                                                                                                                                                        |
| 11. | The claimant has the residual functional capacity to perform the full range of medium work;                                                                                                                                                                                                                                                                                            |
| 12. | In the pertinent period, the claimant's impairments did not prevent the claimant from performing his past relevant work;                                                                                                                                                                                                                                                               |
| 13. | Alternatively, based on an exertional capacity for medium work, and the claimant's age, education, and work experience, a finding of not disabled is directed by Medical-Vocational Rule 203.29; and                                                                                                                                                                                   |
| 14. | The claimant was not under a disability as defined in the Social Security Act, at any time through the date of the decision.                                                                                                                                                                                                                                                           |

Based on these findings, the ALJ concluded that plaintiff was not disabled and, therefore, not entitled to benefits. After the Appeals Council declined review on August 26, 2005, this appeal followed.

## II. STANDARD OF REVIEW

The court reviews the Commissioner's final decision to determine whether it is: (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a whole. See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). "Substantial evidence" is more than a mere scintilla, but less than a preponderance. See Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996). It is ". . . such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402 (1971). The record as a whole, including both the evidence that supports and detracts from the Commissioner's conclusion,

must be considered and weighed.  See Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  The court may not affirm the Commissioner's decision simply by isolating a specific quantum of supporting evidence.  See Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a particular finding, the finding of the Commissioner is conclusive.  See Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987).  Therefore, where the evidence is susceptible to more than one rational interpretation, one of which supports the Commissioner's decision, the decision must be affirmed, see Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

### III.  DISCUSSION

In his motion for summary judgment, plaintiff argues that the Listing of Impairments relating to liver function applies to his case, but that the ALJ erred by failing to address liver function in light of Listing 5.05(F)(3).  Plaintiff also argues that the ALJ erred by failing to obtain expert testimony to determine the applicability of Listing 5.05(F)(3).  In making these arguments, plaintiff does not challenge the ALJ's analysis of the medical evidence or his credibility.  Plaintiff also does not challenge the ALJ's finding as to his residual functional capacity for the full range of medium work.  Rather, plaintiff argues that this case should be remanded to allow the ALJ to consider Listing 5.05(F)(3).

The Social Security Regulations "Listing of Impairments" is comprised of impairments to fifteen categories of body systems that are severe enough to preclude a person from performing gainful activity.  Young v. Sullivan, 911 F.2d 180, 183-84 (9th Cir. 1990); 20 C.F.R. § 404.1520(d).  Conditions described in the listings are considered so severe that they are irrebuttably presumed disabling.  20 C.F.R. § 404.1520(d).  In meeting or equaling a listing, all

the requirements of that listing must be met. Key v. Heckler, 754 F.2d 1545, 1550 (9th Cir. 1985). Equivalence is determined on the basis of a comparison between the symptoms, signs, and laboratory findings about the plaintiff's impairment, as shown by the record, with the listed impairment. See Macia v. Sullivan, 900 F.2d 171, 175-76 (9th Cir. 1990); 20 C.F.R. § 404.1526.

In this case, plaintiff states that his counsel specifically argued the applicability of Listing 5.05(f)(3) to the ALJ, both in pre-hearing briefing and again at the hearing. Plaintiff asserts that, nonetheless, the ALJ failed to consider whether plaintiff's liver condition met or equaled this listing. In response to this argument, defendant states that the ALJ met his obligations by providing an adequate statement of the factual foundation for the ultimate conclusion that no listing applies. Specifically, defendant argues that the ALJ is not required to state why the plaintiff failed to satisfy each separate listing. See Gonzalez v. Sullivan, 914 F.2d 1197, 1201 (9th Cir. 1990).

The question, then, is whether the ALJ's analysis of the medical record constitutes an adequate statement of the factual basis for the conclusion that Listing 5.05(F)(3) does not apply in plaintiff's case. Listing 5.05(F)(3) requires confirmation of chronic liver disease by a liver biopsy obtained independent of the disability evaluation and one of the following:

> 1. Ascites, not attributable to other causes, recurrent or persisting for at least 5 months, demonstrated by abdominal parahypoalbuminemia of 3.0gm. per deciliter or less; or
>
> 2. Serum bilirubin of 2.5 mg. per deciliter or greater on repeated examinations for at least 3 months; or
>
> 3. Hepatic cell necrosis or inflammation persisting for at least 3 months, documented by repeated abnormalities of prothrombin time and enzymes indicative of hepatic dysfunction.

Because the record does not contain any medical evidence which confirms chronic liver disease by biopsy, or evidence supporting any one of the three additional requirements, the court must conclude that the ALJ's assessment of the record provides an adequate basis for the conclusion

that Listing 5.05(F)(3) does not apply.  Again, it is noted that plaintiff does not challenge the ALJ's conclusions regarding the medical evidence.

As to plaintiff's argument that the ALJ erred by not obtaining expert testimony on the applicability of Listing 5.05(F)(3), as defendant points out, seeking such testimony is discretionary, not mandatory.  See 20 C.F.R. § 404.1527(f)(2)(iii).  As discussed above, there is no evidence to support the applicability of Listing 5.05(F)(3).  Therefore, the court concludes that failing to obtain expert testimony to evaluate non-existent evidence was not an abuse of the ALJ's discretion.

### IV.  CONCLUSION

Based on the foregoing, the court concludes that the Commissioner's final decision is based on substantial evidence and proper legal analysis.  Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment is denied;
2. Defendant's cross-motion for summary judgment is granted; and
3. The Clerk of the Court is directed to enter judgment and close this file.

DATED:  July 7, 2006.

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE